```
                                                          U.S. DISTRICT COURT
                                                          DISTRICT OF VERMONT
                                                                FILED
              UNITED STATES DISTRIC COURT
                   DISTICT OF VERMONT                     2015 MAY 14  AM 11: 03

                                                                CLERK
                                                          BY_____
ACADIA INSURANCE COMPANY        )                             DEPUTY CLERK
     Plaintiff                  )
                                )
v.                              )        Civil Action: 5:15-cv-102
                                )
WELOG, INC.                     )
     Defendant                  )
```

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Acadia Insurance Company, by and through its attorneys, Lynn, Lynn, Blackman & Manitsky, P.C., and pursuant to title 28 U.S.C. § 2201, hereby complains against Defendant WeLog, Inc. as follows:

1. Plaintiff Acadia Insurance Company ("Acadia") is a Maine insurance company licensed to do business in the State of Vermont with its principal place of business in Westbrook, Maine.

2. WeLog, Inc. is a New Hampshire corporation with its principal place of business in Colebrook, New Hampshire.

3. WeLog, Inc. does business in the State of Vermont.

4. Plum Creek Maine Timberlands, LLC ("Plum Creek") is a Delaware limited liability company with its principle place of business in Seattle, Washington.

5. Plum Creek owns approximately 86,000 acres of land in the Northeast Kingdom of Vermont (the "Plum Creek land").

1

6. This court has jurisdiction pursuant to Title 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. The Plum Creek land is enrolled in the State of Vermont Use Value Appraisal Program ("UVA Program") pursuant to 32 V.S.A. § 3751, et al. The primary purpose of the UVA Program is to encourage and assist the promotion of Vermont's agricultural and forest land.

8. The Plum Creek land is subject to a forest management plan ("FMP") as required by the UVA Program.

9. The benefit of having land enrolled in the UVA Program is that the owner pays property taxes at a reduced level from what it would otherwise pay. It enables land owners who practice long term forest management to have their land appraised for property taxes based on its value or use for forestry, rather than its fair market value. The value to landowners enrolled in the UVA Program is a substantial tax benefit.

10. When an owner enrolls land in the UVA Program, the State of Vermont records a lien on the property. If the enrolled land is developed or harvested improperly, a Land Use Change Tax is levied on the developed portion and all or a portion can be discontinued from the UVA Program. The lien guarantees that Vermont can collect the Land Use Change Tax if the land is developed. In addition, the entire parcel becomes ineligible for the UVA Program for a period of five (5) tax years. There can be severe tax consequences if a land owner develops the land and/or fails to follow an implemented harvesting plan.

11. Like all land enrolled in the UVA Program, timber harvest activities on the Plum Creek land must comply with the FMP and UVA Program requirements to maintain the tax benefit conferred by enrollment.

12. On November 25, 2009, Plum Creek entered into a logging contract with WeLog, Inc. for logging and hauling services on land owned by Plum Creek in Essex, Orleans and Caledonia Counties in Vermont.

13. The logging and hauling services contracted by Plum Creek and performed by WeLog, Inc. occurred in Vermont.

14. The logging and hauling services contracted by Plum Creek and performed by WeLog, Inc. implicate Vermont's UVA Program.

15. In April of 2010, the State of Vermont notified Plum Creek that lands owned by Plum Creek would be removed from the UVA Program due to improper harvesting conducted contrary to the FMP on file.

16. Plum Creek appealed this determination to the Commissioner of the State of Vermont Department of Forests, Parks and Recreation, to the Vermont Department of Taxes, Division of Property Valuation and Review, to the Essex Superior Court and eventually to the Vermont Supreme Court.

17. Plum Creek's appeal is currently pending before the Vermont Supreme Court, docket no. 2014-063, *Plum Creek Maine Timberlands, LLC v. Vermont Department of Forests, Parks, Docket. 2014-063*.

18.     On or about July 21, 2011, Plum Creek Maine Timberlands, LLC filed an action against WeLog, Inc. and LandVest, Inc. in the Washington Superior Court, Civil Division, Docket No. 464-7-11 Wncv (hereinafter the "Plum Creek v. WeLog, Inc. Lawsuit").

19.     The Plum Creek v. WeLog, Inc. Lawsuit arises from work performed by WeLog, Inc. pursuant to the contract with Plum Creek.

20.     The Complaint in the Plum Creek v. WeLog, Inc. Lawsuit alleges that WeLog, Inc. breached its contract with Plum Creek by, among other things, improperly harvesting trees in violation of Vermont's UVA Program requirements. *See, Plum Creek v. WeLog, Inc. Complaint attached hereto as Exhibit A.*

21.     The Complaint alleges that as a result of WeLog, Inc.'s breach of contract, Plum Creek suffered the following tax consequences:

(a)     The imposition of a $7,860.80 land use change tax in accordance with 32 V.S.A. § 3757(a) for violation of the North Clough Brook Prescription;

(b)     The disqualification and expulsion of 56,604 acres of Plum Creek land in accordance with 32 V.S.A. § 3756(i) from the UVA Program for five (5) years effective April 1, 2011;

(c)     the real property taxation of the 56,604 acres at fair market value instead of use value, an increase of approximately $11.9 Million in valuation and, therefore, an increased property tax payment of $191,000 annually for five (5) years; and

(d) The imposition of a $3,260,409.40 land use change tax for activities which are development in accordance with 32 V.S.A. § 3752(5) on 56,133 acres of Plum Creek land. *See Exhibit A.*

22. The Complaint alleges that as a result of WeLog, Inc.'s breach of contract, Plum Creek also incurred the following:

(a) attorney's fees incurred in defending a civil enforcement action due to the improper harvesting of trees in violation of the UVA Program requirements; and

(b) Attorney's fees in bringing the action against WeLog, Inc. *See Exhibit A.*

23. Acadia issued a Commercial General Liability policy to WeLog, Inc. under policy number CLA 0004567 with effective dates of coverage from December 31, 2009 to December 31, 2010.

24. The Acadia policy provides coverage for "property damage" that arises out of an "occurrence" as those terms as defined under the policy:

SECTION I – COVERAGES

COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

   *****

   b. This insurance applies to "bodily injury" and "property damage" only if:

5

    1.    The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    2.    The "bodily injury" or "property damage" occurs during the policy period.

*****

The Acadia policy contains the following exclusions:

    2.    Exclusions

This insurance does not apply to:

    a.    Expected or Intended Injury

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

25.    The Acadia policy contains the following definitions:

SECTION V – DEFINITIONS

    13.    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

    17.    "Property Damage" means:

        a.    Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

        b.    Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

26. On or about September 10, 2010, Acadia and WeLog, Inc. entered into a bilateral non-waiver agreement. After the Plum Creek v. WeLog, Inc. Lawsuit was filed, and pursuant to the bilateral non-waiver agreement, Acadia retained defense counsel to represent WeLog, Inc.

27. Plum Creek recently agreed to dismiss the Plum Creek v. WeLog, Inc. Lawsuit without prejudice subject to the outcome of its tax appeal now pending at the Vermont Supreme Court.

28. Notwithstanding the dismissal of the Plum Creek v. WeLog, Inc. Lawsuit without prejudice, Plum Creek intends to pursue WeLog, Inc. for consequential damages including costs and attorney fees incurred in connection with its appeal.

29. The State of Vermont has the strongest interest in how the Acadia policy is interpreted because resolution of these insurance issues impacts directly on Vermont's UVA Program.

30. All of trees that are alleged to have been improperly harvested by WeLog, Inc. were owned by Plum Creek.

31. All work and services performed by WeLog, Inc. occurred on Plum Creek land.

32. The parties to the insurance contract contemplated and reasonably understood that We Log, Inc. would work and provide services in the State of Vermont.

33. A controversy has arisen between the parties over whether the Acadia policy provides liability coverage to WeLog, Inc. for the claims asserted by Plum Creek in connection with its work as described in the Plum Creek v. WeLog, Inc. Lawsuit.

    WHEREFORE, Acadia Insurance Company prays the Court:

        1. Take jurisdiction of this matter and declare the rights and duties of the parties under the Acadia policy.

2. Enter a declaratory judgment that Vermont law applies to this coverage dispute as the federal court sitting in diversity jurisdiction.

3. Enter a declaratory judgment that the Acadia policy provides no liability coverage to WeLog, Inc. for the claims asserted against it by Plum Creek in connection with its work as described in the matter of Plum Creek Maine Timberlands, LLC v. WeLog, Inc. and LandVest, Inc, *Docket No. 464-7-11 Wncv.*

4. Enter a declaratory judgment that Acadia has no duty to defend or indemnify WeLog, Inc. for the claims asserted against it by Plum Creek in connection with its work as described in the matter of Plum Creek Maine Timberlands, LLC v. WeLog, Inc. and LandVest, Inc., *Docket No. 464-7-11 Wncv.*

5. Award such other relief as is just.

DATED in Burlington, Vermont this 12th day of May, 2015.

ACADIA INSURANCE COMPANY

By: _____
Barbara R. Blackman, Esq.
Lynn, Lynn, Blackman & Manitsky, P.C.
Attorneys for Acadia Insurance Company
76 St. Paul Street, Suite 400
Burlington, VT 05401